IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAM HUBER                                                    PLAINTIFF

v.                      Case No. 04-2145

WAL-MART STORES, INC.                                        DEFENDANT

**ORDER**

On this 15th day of May 2006, there comes on for consideration, Defendant's Application for Stay of Judgment Pending Appeal and for Approval of Supersedeas Bond (Doc. 57), Plaintiff's Motion to Hold Wal-Mart in Contempt of Court and for an Additional Money Judgment (Doc. 63), and Plaintiff's Second Supplemental Attorney's Fee Petition (Doc. 65). For the reasons stated herein, the Court finds Defendant's Motion is GRANTED and Plaintiff's Motions are DENIED.

On March 31, 2006, this Court entered a money judgment in Plaintiff's favor against Defendant and further ordered that Plaintiff be reinstated to her position as Router (Doc. 55). On April 28, 2006, Defendant filed its Notice of Appeal (Doc. 56).

Defendant requests this Court to stay enforcement of the money judgment and the injunctive relief requiring reinstatement of Plaintiff pending the outcome of its appeal. Defendant further requests that this Court approve its supersedeas bond. Plaintiff does not object to staying the enforcement of the money judgment or

1

the amount of the supersedeas bond. However, Plaintiff contends that she should be reinstated during the pendency of the appeal and further requests that Defendant be held in contempt for failing to reinstate her within ten (10) days of the Court's injunctive order. Further, Plaintiff requests an additional money judgment against Defendant for violation of the order.

In order to prove entitlement to a stay pending appeal, Defendant must show that (1) it is likely to succeed on the merits, (2) it will suffer irreparable injury unless the stay is granted, (3) no substantial harm will come to other interested parties, and (4) the stay will do no harm to the public interest. *Arkansas Peace Center v. Arkansas Department of Pollution Control*, 992 F.2d 145, 147 (8th Cir. 1993). As Plaintiff does not oppose a stay of the money judgment and posting of the supersedeas bond, the Court addresses these factors only as they relate to whether Plaintiff's reinstatement should be stayed pending the outcome of the appeal.

Defendant is correct in that the issue that is the subject of appeal in this case is a novel one in the Eighth Circuit. Additionally, the Courts of Appeals that have considered the issue are split. Accordingly, Defendant may be able to succeed on the merits of its appeal, and the Court does not believe a stay would harm the public interest. As for harm to either party by allowing or disallowing the stay, the Court finds that Defendant's offer to post a $30,000.00 bond to compensate Plaintiff for the salary

AO72A
(Rev. 8/82)

difference between her current position and the Router position should Defendant be unsuccessful on appeal is fair and equitable and alleviates substantial harm to either party.  Accordingly, Defendant's Motion is GRANTED contingent upon Defendant posting both the $75,000.00 bond and an additional $30,000.00 bond.

Based on the foregoing, the Court finds that Defendant's Application for Stay of Judgment Pending Appeal and for Approval of Supersedeas Bond (Doc. 57) is GRANTED contingent upon the posting of $75,000.00 and $30,000.00 bonds, respectively, and enforcement of the judgment, including reinstatement, is STAYED during the pendency of the appeal.  Plaintiff's Motion to Hold Wal-Mart in Contempt of Court and for an Additional Money Judgment (Doc. 63) and Plaintiff's Second Supplemental Attorney's Fee Petition (Doc. 65) are DENIED, but the motion for additional attorney's fees may be renewed following the appeal.

IT IS SO ORDERED.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)